UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BELMONTE,<br><br>    Plaintiff,<br><br>    v.<br><br>A. SMITH, et al.,<br><br>    Defendants. | No. 2:19-cv-0269 KJM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint and motion to proceed in forma pauperis. At this time, the court addresses plaintiff's motion for appointment of counsel. See ECF No. 6. Plaintiff contends that appointment of counsel is warranted in the "interests of justice," citing 18 U.S.C. § 3006A(a)(2)(B), which applies to federal habeas petitions; that plaintiff "is not trained in law and preparing pleadings, is confined in state prison, has limited law library access for the purposes of researching the law and preparing pleadings;" and that "the petition states prima facie case that petitioner . . . is being deprived of liberty." ECF No. 6.

District courts lack authority to require attorneys to represent indigent prisoners in civil rights cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Similar to the "interests of justice" standard for considering appointment of counsel in habeas proceedings, in civil rights cases appointment of counsel may be warranted upon a showing of "exceptional

1

circumstances." See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires an evaluation of plaintiff's likelihood of success on the merits of his claims as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In his present request, plaintiff improperly relies on the standards applicable to the appointment of counsel in habeas cases; any renewed request for appointment of counsel must be based on the standards applicable to civil rights cases. More importantly at this juncture, the court finds plaintiff's request for appointment of counsel to be premature. The court has not yet had the opportunity to screen plaintiff's complaint pursuant 28 U.S.C. § 1915A, and therefore has not yet assessed whether plaintiff is capable of articulating his allegations and claims pro se and/or whether the complaint states potentially cognizable legal claims demonstrating a likelihood of success on the merits and/or are sufficiently complex to benefit from legal assistance. For these reasons, pending screening of the complaint, plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 6, is denied without prejudice.

DATED: June 14, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE